NEDA N. DAL CIELO, Bar No. 161982
ndalcielo@littler.com
LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA 95113.2303
Telephone: 408.998.4150
Fax No.:    408.288.5686

DAVID S. MAOZ, Bar No. 233857
dmaoz@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
Telephone: 310.553.0308
Facsimile: 310.553.5583

Attorneys for Defendants
CVS HEALTH CORPORATION
(erroneously sued as CVS CAREMARK)
and CVS PHARMACY, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEILA A. BLOWERS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CVS CAREMARK; CVS PHARMACY, INC.; and DOES 1 THROUGH 100, INCLUSIVE,<br><br>　　　　Defendants. | Case No. 2:17-cv-08382<br><br>**NOTICE OF DEFENDANTS' REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441 AND 1446 AND 29 U.S.C. § 185**<br><br>(DIVERSITY AND FEDERAL QUESTION)<br><br>Complaint Filed: September 25, 2017<br>[Los Angeles County Superior Court] |

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

NOTICE OF DEFENDANTS' REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C.
§§ 1331, 1332, 1441 AND 1446 AND 29 U.S.C. § 185

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF SHEILA A. BLOWERS, AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants CVS Health Corporation (erroneously sued as CVS Caremark) and CVS Pharmacy, Inc. (collectively, "Defendants" or "CVS") hereby remove the above-entitled action brought by Plaintiff Sheila A. Blowers ("Plaintiff") in the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446; and 29 U.S.C. § 185, *et seq.*

I. STATEMENT OF JURISDICTION.

1. This Court has original jurisdiction under 28 U.S.C. section 1332(a)(1) and this case may be removed pursuant to the provisions of 28 U.S.C. section 1441(a) & (b), in that it is a civil action wherein the amount in controversy for the named Plaintiff exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and it is between "citizens of different States."

2. This Court also has original jurisdiction under 28 U.S.C. section 1331 and this case may be removed pursuant to the provisions of 28 U.S.C. section 1441(a) & (c), based upon the existence of a federal question because at all relevant times, the terms and conditions of Plaintiff's employment were governed by a Collective Bargaining Agreement ("CBA") between CVS Pharmacy, Inc. La Habra, California Distribution Center, and General Truck Drivers, Office, Food & Warehouse, Union Local No. 952, within the meaning of section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 *et seq.*

II. VENUE.

3. This employment action was filed in the Superior Court of California for the County of Los Angeles. Accordingly, venue properly lies in the United States

TLER MENDELSON, P.C.
2049 Century Park East
5th Floor
s Angeles, CA 90067.3107
310.553.0308

NOTICE OF DEFENDANTS' REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441 AND 1446 AND 29 U.S.C. § 185

1  District Court for the Central District of California pursuant to 28 U.S.C. §§ 84(c)(2),
2  1391, 1441, and 1446.

3  III.  **STATUS OF PLEADINGS, PROCESS AND ORDERS.**

4      4.   On September 25, 2017, an employment action was commenced in Los Angeles County Superior Court, entitled *Sheila A. Blowers v. CVS Caremark, CVS Pharmacy, Inc., and DOES 1 through 100, inclusive*, designated as Case No. BC677042 (the "State Court Action").

8      5.   On October 17, 2017, Plaintiff served Defendant CVS Pharmacy, Inc.'s registered agent with the following documents: the Complaint for Damages, Summons, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location, Notice of Case Assignment, Voluntary Efficient Litigation Stipulations, and Alternative Dispute Resolution (ADR) Information Packet. Attached as Exhibit A to the Declaration of David S. Maoz is a true and correct copy of all case initiating documents served on CVS Pharmacy, Inc., including the Complaint. (*See* Declaration of David S. Maoz ("Maoz Decl."), ¶ 2, Exhibit A.) Since then, Plaintiff also purportedly served Defendant CVS Caremark. (*Id.*)

17     6.   In the Complaint, Plaintiff alleges nine causes of action against Defendants CVS Caremark and CVS Pharmacy, Inc.[1] for (1) Disability Discrimination on the Basis of Medical Condition/Physical Disability; (2) Failure to Provide Reasonable Accommodation; (3) Failure to Engage in the Interactive Process; (4) Failure to Prevent Harassment, Retaliation or Discrimination; (5) Wrongful Termination and Disparate Treatment Based on Age; (6) Wrongful Termination in Violation of Public Policy; (7) Breach of Covenant of Good Faith and Fair Dealing; (8) Intentional Infliction of Emotional Distress; and (9) Negligent Infliction of Emotional Distress. (Maoz Decl., ¶ 2, Exhibit A, at Complaint ("Compl.").)

---

[1] Plaintiff has improperly identified CVS Caremark as a defendant in this case. CVS Pharmacy, Inc. was Plaintiff's employer during all relevant periods and is accordingly the only proper defendant in this case. (Declaration of Melanie K. Luker ("Luker Decl."), ¶ 3.)

2.

TLER MENDELSON, P.C.
2049 Century Park East
5th Floor
s Angeles, CA 90067.3107
310.553.0308

7. On November 16, 2017, Defendants filed their Answer ("Answer") to the Complaint in the State Court Action. (Maoz, Decl. ¶ 3.) Attached to the Maoz Declaration as Exhibit B is a true and correct copy of Defendants' Answer.

8. In accordance with 28 U.S.C. § 1446(a), true and correct copies of all other process, pleadings and orders filed in the State Court Action are attached to the Maoz Declaration as Exhibit C. (Maoz Decl., ¶ 4.)

9. The documents attached as Exhibits A, B, and C to the Maoz Declaration constitute all the process, pleadings or orders related to this case that were served upon Defendants or filed or received in the State Court Action.[2] (Maoz Decl., ¶ 5.) The attachments thereby satisfy the requirements of 28 U.S.C. § 1446(a).

10. As of the date of this Notice of Removal, no other parties have been named or served with the Summons and Complaint in this action. (Maoz Decl., ¶ 6.)

## IV. TIMELINESS OF REMOVAL.

11. This Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days of service of Plaintiff's Summons and Complaint on Defendants. No previous Notice of Removal has been filed or made with this Court for the relief sought.

## V. DIVERSITY JURISDICTION.

12. Section 1332(a) provides, in relevant part, as follows:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (1) citizens of different States[.]

---

[2] If the Court determines any additional documents should have been included as "process, pleadings and orders" that have not already been attached, this does not deprive the Court of jurisdiction, and Defendants will promptly supplement this Notice to remedy any such deficiency. *See W. Chance #2, Inc., v. KFC Corp.*, 957 F.2d 1538, 1540 (9th Cir. 1992).

3.

13. This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to Section 1332(a), and is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. section 1441(b) because it is a civil action between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

### A. There is Complete Diversity of Citizenship In This Case.

#### 1. Plaintiff is a California Citizen.

14. For diversity purposes, a person is a "citizen" of the State in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

15. Plaintiff alleges that at all relevant times mentioned in the Complaint, she "is and was an individual residing in the County of Los Angeles, State of California," and therefore, Plaintiff is a citizen of the State of California. (Compl., ¶ 1.) *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (residency can create a rebuttable presumption of domicile supporting diversity of citizenship).

#### 2. Defendant CVS Pharmacy, Inc. Is Not a Citizen of California.

16. In determining diversity jurisdiction, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The United States Supreme Court has confirmed that to determine a corporation's principal place of business, a court must apply the "nerve center" test. *See Hertz v. Friend*, 559 U.S. 77, 93 (2010). In relevant part, the Court explained, as follows:

> We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.' And in practice it should normally be the place where the corporation maintains its headquarters --

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

4.

NOTICE OF DEFENDANTS' REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441 AND 1446 AND 29 U.S.C. § 185

> provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

*Id.* at 92-93.

17. Plaintiff was employed by CVS Pharmacy, Inc. (Declaration of Melanie Luker ("Luker Decl."), ¶ 3).

18. Defendant CVS Pharmacy, Inc. is presently, and was at the time of the commencement of this suit, a citizen of the State of Rhode Island as provided in 28 U.S.C. § 1332(c) because it was and is a corporation duly organized and validly existing under and pursuant to the laws of the State of Rhode Island. (Luker Decl., ¶ 4.)

19. Moreover, Defendant CVS Pharmacy, Inc.'s principal place of business is in Rhode Island. (*Id.* ¶ 5.) The majority of Defendant CVS Pharmacy, Inc.'s corporate officers and senior executives who direct, control and coordinate its operations are located at its corporate headquarters in Woonsocket, Rhode Island. (*Id.*) As a result, nearly all of CVS Pharmacy, Inc.'s corporate decisions are made in Rhode Island, including operational, executive, administrative and policymaking decisions. (*Id.*) *See Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) (corporation is citizen of state in which its corporate headquarters are located and where its executive and administrative functions are performed). Therefore, Defendant CVS Pharmacy, Inc. is a citizen of the State of Rhode Island, where it is incorporated and has its principal place of business under the "nerve center" test.

### 3. Defendant CVS Health Corporation (erroneously sued as CVS Caremark) Is Not a Citizen of California.

20. Defendant CVS Health Corporation is the parent entity of CVS Pharmacy, Inc. (Luker Decl., ¶ 7; Declaration of Susan Zamarelli ("Zamarelli Decl.") at ¶ 1.) CVS Health Corporation is presently, and was at the time of the commencement of this suit, a citizen of the State of Delaware as provided in 28

TLER MENDELSON, P.C.
2049 Century Park East
5th Floor
s Angeles, CA 90067.3107
310.553.0308

U.S.C. § 1332(c) because it was and is a corporation duly organized and validly existing under and pursuant to the laws of the State of Delaware. (Luker Decl., ¶ 8.)

21.     Moreover, CVS Health Corporation's principal place of business is in Rhode Island. (Luker Decl., ¶ 9.) The majority of CVS Health Corporation's corporate officers and senior executives whom direct, control and coordinate its operations are located in its corporate headquarters in Woonsocket, Rhode Island. (*Id.*) As a result, nearly all of CVS Health Corporation's corporate decisions of are made in Rhode Island, including operational, executive, administrative and policymaking decisions. (*Id.*); *see also Breitman*, 37 F.3d at 564. Therefore, CVS Health Corporation is a citizen of the state of Delaware, where it is incorporated, and Rhode Island, where has its principal place of business under the "nerve center" test.

### 4.     CVS Caremark is No Longer an Operating Entity.

22.     CVS Caremark was the predecessor of CVS Health Corporation. (Luker Decl., ¶ 6.) In 2014, CVS Caremark's name changed to CVS Health Corporation. (*Id.*; Zamarelli Decl., ¶ 1) Since CVS Caremark is not technically an operating entity—at least not under that name, it is not a properly named defendant; however, as a predecessor of CVS Health Corporation, if it *is* considered a defendant for purposes of this removal, the citizenship of CVS Health Corporation is either Delaware or Rhode Island. *See* ¶¶ 20-21, *supra*.

### 5.     The Citizenship of the Doe Defendants Should Be Disregarded for Diversity Purposes.

23.     For purposes of removal, the citizenship of defendants sued under fictitious names should be disregarded, and citizenship of only named defendants should be considered. 28 U.S.C. § 1441(b)(1).

24.     Defendants Does 1 through 100 are fictitious. The Complaint does not state the identity or status of these fictitious defendants, nor does it state any specific allegation of wrongdoing against any fictitious defendants. Pursuant to § 1441(b)(1), the citizenship of these fictitious defendants cannot destroy the diversity of citizenship

6.

TLER MENDELSON, P.C.
2049 Century Park East
5th Floor
s Angeles, CA 90067.3107
310.553.0308

NOTICE OF DEFENDANTS' REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441 AND 1446 AND 29 U.S.C. § 185

between the parties and should be disregarded. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998).

25. No other party has been named or served as of the date of this removal. (Maoz Decl., ¶ 6.)

26. Accordingly, complete diversity of citizenship exists in this case.

**B. The Amount In Controversy Exceeds $75,000.**

27. Plaintiff's Complaint does not specify the amount that she seeks to recover from Defendants in this action. Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," 28 U.S.C. 1446(c)(2), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).

28. In measuring the amount in controversy, the Court must assume that the allegations of the complaint are true and that a jury will return a verdict in favor of the plaintiff on all claims asserted in her complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1000-01 (C.D. Cal. 2002). The ultimate inquiry is the amount that is put "in controversy" by the plaintiff's Complaint, and not how much, if anything, the defendant will actually owe. *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (citing *Scherer v. Equitable Life Assurance Soc'y of the United States*, 347 F.3d 394, 397-99 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered in the removal analysis; rather, it is the amount put in controversy by the plaintiff's complaint)). In determining the amount in controversy, the Court may consider damages awards in similar cases. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

29. Although Defendants deny the validity and merit of all of Plaintiff's claims and allegations and deny that Plaintiff is entitled to any relief, Plaintiff's claims

TLER MENDELSON, P.C.
2049 Century Park East
5th Floor
s Angeles, CA 90067.3107
310.553.0308

7.

NOTICE OF DEFENDANTS' REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441 AND 1446 AND 29 U.S.C. § 185

establish an amount "in controversy" in excess of the jurisdictional minimum of $75,000, exclusive of interest and costs, as set forth below.

### 1. Lost Wages and Benefits.

30. Plaintiff's Complaint includes nine separate causes of action arising out of her employment. Among other things, Plaintiff alleges that CVS wrongfully terminated her as a result of her disability and her age and in retaliation for her complaints about discrimination. (Compl. ¶¶ 21, 38, 43.) She also contends that CVS failed to prevent harassment, discrimination and retaliation based on her age, physical disability and her exercise of union rights. (Compl., ¶¶ 34.) She claims lost wages for those alleged violations. (Compl., ¶¶ 22, 27, 31, 35, 39, 44, 51, 55, 59, Prayer, ¶ 1.)

31. Plaintiff's allegations put in controversy the amount she would have earned up through the date of trial, including any benefits or pay increases. *See* Judicial Council of California, Civil Jury Instructions ("CACI") No. 2433 (2012); *Wise v. S. Pac. Co.*, 1 Cal. 3d 600, 607 (1970).

32. At the time Plaintiff last worked for CVS Pharmacy, Inc., on or about February 16, 2016, she was paid at the rate of $22.30 per hour. (Zamarelli Decl., ¶ 6.) If Plaintiff were to recover lost wages from February 16, 2016 to the present, her back wages would total approximately **$81,172** ($22.30/hr x 40 hrs x 91 wks (using the removal date of November 16, 2017, the date of the filing of this Removal). Moreover, if the case proceeds to trial in October 2018—a year from when CVS was served—and Plaintiff remains unemployed, she may seek a total of approximately 139 weeks of lost wages, or approximately **$123,988** ($22.30/hr x 40 hrs x 139 wks).

### 2. Emotional Distress Damages.

33. Plaintiff also alleges that, as a result of CVS's alleged unlawful conduct, she has suffered "fear, humiliation, emotional distress, and mental, or emotional or physical pain and anguish . . . ." (Compl. ¶¶ 22, 27, 31, 35, 39, 44, 51, 55, 59.) Plaintiff's potential recovery of emotional distress damages further augments the

8.

foregoing amount and demonstrates that the jurisdictional prerequisite for removal of this action is met. *See Velez v. Roche*, 335 F. Supp. 2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination and harassment cases awarding emotional distress damages and concluding that "substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence . . . that the plaintiff suffered heightened mental anguish").

34. In *Kroske v. U.S. Bank Corp.*, the Ninth Circuit found that the district court's conclusion that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" was not clearly erroneous, where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Kroske*, 432 F.3d at 980. Based on the conservative estimate from *Kroske*, Plaintiff's potential recovery of emotional distress damages could add at least **$25,000** to the amount in controversy.

### 3. Statutory Attorney's Fees.

35. Plaintiff's Complaint also seeks attorney's fees. (Compl. ¶¶ 23, 28, 32, 36, 40, 45, 52, Prayer, ¶ 8.) Attorney's fees that are potentially recoverable by statute also are included in determining the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

36. The bulk of Plaintiff's Complaint alleges violations of the Fair Employment and Housing Act, which authorizes an award of reasonable attorney's fees to a prevailing plaintiff. Cal. Gov't Code §12965(b). While Plaintiff's attorney's fees cannot be precisely calculated, it is reasonable to assume that they could exceed a damages award. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) (noting that "attorneys' fees in individual discrimination cases often exceed the damages").

37. Any estimate of attorney's fees includes fees over the life of the case, not just the fees incurred at the time of removal. *Id.* "Recent estimates for the number of

9.

NOTICE OF DEFENDANTS' REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441 AND 1446 AND 29 U.S.C. § 185

TLER MENDELSON, P.C.
2049 Century Park East
5th Floor
s Angeles, CA 90067.3107
310.553.0308

hours expended through trial for employment cases in [the Central District of California] have ranged from 100 to 300 hours. Therefore, 100 hours is an appropriate and conservative estimate. Accordingly, attorneys' fees in [an employment discrimination case alleging wrongful termination] may reasonably be expected to equal at least $30,000 (100 hours x $300 per hour)." *Sasso v. Noble Utah Long Beach, L.L.C.*, No. CV 14-09154-AB (AJWx), 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015) (citations omitted). Thus, Plaintiff's demand for attorney's fees adds at least **$30,000** to the amount in controversy.

### 4. Punitive Damages

38. Plaintiff also seeks punitive damages in her Complaint. (Compl., ¶¶ 23, 28, 32, 36, 40, 45, 52, 56, 60, Prayer, ¶ 7.) Such damages would also raise the amount in controversy. California law does not provide any specific monetary limit on the amount of punitive damages which may be awarded under Civil Code section 3294, and the proper amount of punitive damages under California law is based on the reprehensibility of the defendant's misdeeds, the ratio between compensatory and punitive damages, and the ratio between damages and the defendant's net worth. *See Boyle v. Lorimar Prods., Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994).

39. Moreover, punitive damages are included in calculating the amount in controversy. *Davenport v. Mut. Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Aucina v. Amoco Oil Co.*, 871 F. Supp. 332, 334 (S.D. Iowa 1994). In *Aucina*, the defendant-employer established that the amount in controversy exceeded the jurisdictional minimum where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct," the "plaintiff's claim for punitive damages alone might exceed" the jurisdictional minimum. *Aucina*, 871 F. Supp. 332 at 334; *see also Faulkner v. Astro-Med, Inc.*, No. C 99-2562 SI, 1999 WL 820198, at *4 (N.D. Cal.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

10.

NOTICE OF DEFENDANTS' REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441 AND 1446 AND 29 U.S.C. § 185

Oct. 4, 1999) (finding that punitive damages should be considered when determining the amount in controversy (citing *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal 1995)).

40. Although CVS disputes that Plaintiff is entitled to recover any damages whatsoever, including punitive damages, the above decisions illustrate that a punitive damages award potentially could alone exceed $1 million. And, most conservatively, an amount awarded in punitive damages in this matter could be at least **$50,000**. *Aucina*, 871 F. Supp. at 334; *see also Roby v. McKesson Corp.*, 47 Cal. 4th 686, 719 (2009) (finding a 1:1 ratio of punitive damages to compensatory damages was appropriate).

41. Consequently, a preponderance of the evidence demonstrates that the amount in controversy exceeds $75,000, exclusive of interest and costs. For all these reasons, this case is properly removed to this Court based on diversity jurisdiction.

## VI. FEDERAL QUESTION JURISDICTION.

42. 28 U.S.C. Section 1331 provides as follows:

> The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

43. This action is a civil action over which this Court has original jurisdiction based on federal question pursuant to Section 1331, and is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. section 1441(c) because at all relevant times, the terms and conditions of Plaintiff's employment were governed by a CBA within the meaning of section 301(a) of the LMRA, 29 U.S.C. § 185 *et seq*.

### A. The Terms and Conditions of Plaintiff's Employment Were At All Times Governed by a Collective Bargaining Agreement.

44. At all relevant times, Plaintiff was employed by CVS Pharmacy, Inc. as either a Loader or an Order Selector at CVS's La Habra, California Distribution Center. (Zamarelli Decl., ¶¶ 3-4.)

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

11.

NOTICE OF DEFENDANTS' REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441 AND 1446 AND 29 U.S.C. § 185

45. At all relevant times, the terms and conditions of Plaintiff's employment were governed by a CBA between CVS Pharmacy, Inc. La Habra, California Distribution Center, and General Truck Drivers, Office, Food & Warehouse, Union Local No. 952, within the meaning of section 301(a) of the LMRA, 29 U.S.C. § 185 *et seq.* (Zamarelli Decl., ¶ 7, Ex. A.)

46. As discussed below, the CBA includes provisions that apply to most, if not all, of the conduct that Plaintiff alleges to support her causes of action. In order to resolve Plaintiff's claims, a court will need to interpret those CBA provisions.

47. Accordingly, this Court has original jurisdiction over this action under 28 U.S.C. § 1331 based upon the existence of a federal question, and this action may be removed pursuant to 28 U.S.C. § 1441(a) because it arises under section 301(a) of the LMRA, 29 U.S.C. § 185(a).

48. Section 301 of the LMRA provides federal jurisdiction over suits implicating labor organizations without respect to the amount in controversy or without regard to the citizenship of the parties. 29 U.S.C. § 185 *et seq.* Section 301 preempts "claims founded directly on rights created by collective-bargaining agreements, and also claims substantially dependent on analysis of a collective-bargaining agreement." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 394 (1987) (internal quotations and citations omitted).

49. The United States Supreme Court has made clear that, where the resolution of state law claims would require the interpretation or application of a collective bargaining agreement, those claims are preempted by section 301. *See Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 405-06 (1988) ("[I]f the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement, the application of state law . . . is pre-empted and federal labor-law principles – necessarily uniform throughout the Nation – must be employed to resolve the dispute."); *accord Allis-Chalmers Corp. v. Lueck,* 471 U.S. 202, 220 (1985)

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

12.

NOTICE OF DEFENDANTS' REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441 AND 1446 AND 29 U.S.C. § 185

("when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim, or dismissed as preempted by federal labor-contract law") (internal citation omitted).

50. As the Ninth Circuit has noted, "[t]he preemptive force of section 301 is so powerful as to displace entirely any state claim based on a collective bargaining agreement, and any state claim whose outcome depends on analysis of the terms of the agreement." *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) (internal citations omitted). Moreover, "[a]lthough the language of § 301 is limited to '[s]uits for violation of contracts,' it has been construed quite broadly to cover most state-law actions that require interpretation of labor agreements." *Associated Builders & Contractors, Inc. v. Local 302 IBEW*, No. 95-16202, 1997 WL 236296, at *1 (9th Cir. May 12, 1997) (internal citation omitted).

51. Thus, state law causes of action whose outcome depends on analysis of the terms of a collective bargaining agreement are preempted by section 301 of the LMRA, and federal courts therefore have original jurisdiction over such actions. *Young*, 830 F.2d at 999 (holding that, if evaluation of a tort claim is "inextricably intertwined with consideration of the terms of the labor contract," it is preempted and may be removed to federal court). Such a policy "authoriz[es] the development of federal common-law rules of decision, in large part to assure that agreements to arbitrate grievances would be *enforced*, regardless of the vagaries of state law and lingering hostility toward extrajudicial dispute resolution." *Associated Builders*, 1997 WL 236296, at *1 (internal quotations and citations omitted).

    B.    **Plaintiff's Failure to Reference the CBA or Section 301 of the LMRA in Her Complaint Does Not Preclude Removal.**

52. As the Ninth Circuit has recognized, "[m]any § 301 suits do not assert breach of the collective bargaining agreement and are **nevertheless held preempted** because they implicate provisions of the agreement." *Associated Builders*, 1997 WL

13.

TLER MENDELSON, P.C.
2049 Century Park East
5th Floor
s Angeles, CA 90067.3107
310.553.0308

236296, at *1 (emphasis added). That is, parties may not avoid section 301 preemption by artfully pleading a complaint by failing to disclose that the plaintiff's employment was governed by a collective bargaining agreement. *Young*, 830 F.3d at 997. In such cases, it is proper for the court to look beyond the face of the complaint to determine whether the state-law claim is preempted, *i.e.*, to determine whether the outcome of the state claim depends on analysis of the terms of the collective bargaining agreement. *Id.* (finding that district court appropriately looked beyond face of complaint in finding section 301 preemption where complaint did not reveal that plaintiff's employment was governed by a collective bargaining agreement); *see also Milne Employees Ass'n v. Sun Carriers, Inc.*, 960 F.2d 1401, 1406 (9th Cir. 1991) ("Plaintiffs cannot avoid removal by 'artfully pleading' only state law claims that are actually preempted by federal statutes such as section 301 of the Labor Management Relations Act." (citing *Young*)). Here, Plaintiff's failure to reference either the operative CBA or section 301 of the LMRA does not prevent removal; accordingly, removal is entirely proper.

C. **Plaintiff's Claims Are Preempted by the LMRA Because Resolution of Her Claims Is Dependent Upon and Inextricably Intertwined with Her CBA.**

53. Here, Plaintiff alleges that Defendants discriminated against her wrongfully terminated her as a result of her disability and her age and in retaliation for her complaints about discrimination. (Compl. ¶¶ 21, 38, 43.) She also contends that Defendants failed to prevent harassment, discrimination and retaliation based on her age, physical disability and her exercise of union rights. (Compl., ¶¶ 34.)

54. State-law discrimination and retaliation claims are preempted by the LMRA when resolution of those claims requires a court to interpret the express and implied terms of a collective bargaining agreement. *See, e.g., Bachilla v. Pac. Bell Tel. Co.*, No. Civ. S-07-739 RRB KJM, 2007 WL 2825924, at *4 (E.D. Cal. Sept. 25, 2007); *see also Van Scoy v. New Albertson's, Inc.*, No. 2:08-cv-02237-MCE-KJM,

2010 WL 5168787, at *2 (E.D. Cal. Dec. 13, 2010) (finding FEHA discrimination claims preempted because resolution of claims required court to interpret CBA); *Madison v. Motion Picture Set Painters & Sign Writers Local 729*, 132 F. Supp. 2d 1244, 1253-55 (C.D. Cal. 2000) (same). Where interpretation of a CBA is required, state common-law claims likewise are preempted. *See, e.g., Stallcop v. Kaiser Found. Hosps.*, 820 F.2d 1044, 1049 (9th Cir. 1987) (LMRA preempted claims for negligent and intentional infliction of emotional distress and would also preempt a claim for "the California tort of wrongful discharge").

55. In *Bachilla*, the plaintiffs alleged sex discrimination based on the promotion of less senior male coworkers in violation of company policy to promote based on seniority. *Bachilla*, 2007 WL 2825924, at *5. The court found that resolution of the discrimination claims was substantially dependent on an analysis of the CBA because the terms of plaintiffs' employment, including their eligibility for promotions, were governed by the CBA. *Id.* at *7. The court further noted that the employer would undoubtedly assert that it complied with the procedures set forth in the CBA, so resolution of the state discrimination claims would turn on defendant's offer of legitimate non-discriminatory reasons, which would in turn require interpretation of the CBA. *Id.* at *7-8. Plaintiffs' claim thus was "inextricably intertwined" with consideration of the terms of the CBA because the court would be required to interpret the seniority and transfer provisions of the CBA. The court therefore found that the discrimination claims were preempted by the LMRA, and removal was proper. *Id.* at *8.

56. Here, Plaintiff's claims are preempted because they are substantially dependent upon the Court's review, interpretation and analysis of the applicable CBA. More specifically, Plaintiff alleges in all of her Causes of Action that Defendants engaged in a number of actions with respect to the terms and conditions of her employment that she characterizes as unlawful and/or adverse. For example, Plaintiff

15.

NOTICE OF DEFENDANTS' REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441 AND 1446 AND 29 U.S.C. § 185

alleges that Defendants unlawfully discriminated and harassed her, and retaliated against her due to her alleged disability and age. (Compl., ¶¶ 20-40.). Notably, Plaintiff also alleges that Defendants wrongfully terminated her employment and calls into question whether her termination related to her work performance. (Compl., ¶¶ 41-52.) All of those allegations relate to specific provisions of the CBA. In particular, Article 18 outlines permissible reasons for termination of an employee. (Zamarelli Decl., ¶ 7, Ex. A at 29.) Additionally, Article 20, Section 20.1 outlines prohibited discrimination under the CBA, including discrimination based on disability and/or age. (*Id.* at Ex. A at 30.) Therefore, in order to assess whether CVS's conduct was lawful, the Court will need to interpret the applicable CBA provisions.

57. As illustrated above, Plaintiff's employment was governed by the express terms and conditions of the CBA, and her claims are inextricably intertwined with the CBA and require interpretation of its terms. As such, they are all necessarily preempted by federal law.

D. **Supplemental Jurisdiction Exists For All Related Claims.**

58. To the extent Plaintiff alleges any claims for relief that do not arise under section 301 or that are not completely preempted by section 301, those claims are within the supplemental jurisdiction of this Court under 29 U.S.C. § 1367(a) because they are so related to the section 301 claims that they form part of the same case or controversy under Article III of the U.S. Constitution. *See Kuba v. 1-A Agric. Ass'n*, 387 F.3d 850, 855 (9th Cir. 2004) (noting that supplemental jurisdiction applies to state law claims derived from "a common nucleus of operative fact" and "are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding") (internal quotations and citation omitted). Alternatively, any such other claims for relief are separate and independent claims that are properly removable to this Court pursuant to 28 U.S.C. § 1441(c).

TLER MENDELSON, P.C.
2049 Century Park East
5th Floor
s Angeles, CA 90067.3107
310.553.0308

16.

NOTICE OF DEFENDANTS' REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441 AND 1446 AND 29 U.S.C. § 185

59. Thus, this action is removable in its entirety, on federal question and/or on diversity grounds.

## VII. NOTICE TO PLAINTIFF AND STATE COURT.

60. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be provided by the undersigned to Plaintiff's counsel of record, and a copy of the Notice of Removal will be filed with the Clerk of the Superior Court for the County of Los Angeles, State of California, as required by 28 U.S.C. § 1446(d). (Maoz Decl., ¶ 7.)

## VIII. CONCLUSION.

61. WHEREFORE, having fulfilled all statutory requirements, Defendants hereby remove this action to this Court from the Superior Court of Los Angeles County, California, and request that this Court assume full jurisdiction over this matter as provided by law.

Dated: November 16, 2017

/s/ Neda N. Dal Cielo

NEDA N. DAL CIELO
DAVID S. MAOZ
LITTLER MENDELSON, P.C.
Attorneys for Defendants
CVS HEALTH CORPORATION
(erroneously sued as CVS CAREMARK) and CVS PHARMACY, INC.

Firmwide:150994691.2 086794.1047

17.
NOTICE OF DEFENDANTS' REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441 AND 1446 AND 29 U.S.C. § 185

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308