O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHEILA A. BLOWERS, <br><br>        Plaintiff, <br>  v. <br><br>CVS CAREMARK; CVS PHARMACY INC. and DOES 1 THROUGH 100, INCLUSIVE, <br><br>        Defendants. | 2:17-cv-08382-RSWL-SS <br><br> **ORDER RE: PLAINTIFF'S MOTION TO REMAND** [8] |

Currently before the Court is Plaintiff Sheila Blowers' ("Plaintiff") Motion to Remand to State Court ("Motion") [8]. Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **DENIES** Plaintiff's Motion.

### I. BACKGROUND

**A.** <u>Factual Background</u>

Plaintiff is a citizen of California. Notice of Removal, Ex. A ("Compl.") ¶ 1, ECF No. 1. Defendant CVS Pharmacy, Inc. ("CVS Pharmacy") is incorporated in Rhode Island, and its parent company and co-Defendant,

1

CVS Health Corporation (collectively, "Defendants"), is incorporated in Delaware. Decl. of Melanie K. Luker in Supp. of Notice of Removal ("Luker Decl.") ¶¶ 4, 8, ECF No. 1-1. Both Defendants maintain their corporate headquarters in Rhode Island. Id. ¶¶ 5, 9.

Plaintiff was an employee of CVS Pharmacy from July 1998 through February 2016. Compl. ¶ 8. Plaintiff's employment with CVS Pharmacy was governed by a collective bargaining agreement ("CBA") between CVS Pharmacy and La Habra Distribution Center and General Truck Drivers, Office, Food & Warehouse, Union Local No. 952. Decl. of Susan Zamarelli in Supp. of Notice of Removal ("Zamarelli Decl.") ¶ 7, ECF No. 1-5.

In October 2013, Plaintiff suffered a stroke while working, which required her to take a leave of absence. Compl. ¶ 12. Plaintiff later returned to work with various doctor-imposed work restrictions. Id. ¶ 13. Plaintiff alleges that her employer was not amenable to these restrictions, refused to accommodate her, and became increasingly hostile and confrontational with her. Id. Plaintiff was subsequently diagnosed with an anxiety and depressive disorder, which, she alleges, was the result of stress and mistreatment at work. Id. As a result of this diagnosis, Plaintiff was again given doctor-imposed work restrictions, and again allegedly faced hostility from her employer. Id.

In February 2015, CVS Pharmacy terminated Plaintiff, but she was ultimately reinstated on

September 8, 2015 through the union process. Id. ¶ 14. Shortly after Plaintiff returned to work, she suffered another work-related injury, was again given doctor-imposed work restrictions, and again allegedly suffered the adverse treatment described above. Id. ¶ 15. Plaintiff was then terminated on February 12, 2016. Id. She attempted to get reinstated through the union, but was unsuccessful. Id.

**B.   Procedural Background**

On September 25, 2017, Plaintiff filed her Complaint in the Los Angeles Superior Court, alleging (1) disability discrimination on the basis of medical condition/physical disability; (2) failure to provide reasonable accommodation; (3) failure to engage in the interactive process; (4) failure to prevent harassment, retaliation, or discrimination; (5) wrongful termination and disparate treatment based on age; (6) wrongful termination in violation of public policy; (7) breach of the covenant of good faith and fair dealing; (8) intentional infliction of emotional distress; and (9) negligent infliction of emotional distress. Id. ¶¶ 20-60. Defendants removed the Action to this Court on November 16, 2017. See Notice of Removal. Plaintiff then filed the instant Motion [8] on December 14, 2017.

On January 4, 2018, Defendants each filed a request to substitute attorneys [14, 15]. The Court granted these requests on January 9, 2018 [16]. On January 11,

2018, new counsel for Defendants then submitted an *Ex Parte* Application [19] to continue the hearing date on Plaintiff's Motion and filed Defendants' Opposition to Plaintiff's Motion ("Opposition") [21] in conjunction with the *Ex Parte* Application. The Court denied the *Ex Parte* Application but agreed to consider the late-filed Opposition and gave Plaintiff an opportunity to file a reply. Order Denying Defs.' Appl. to Continue Pl.'s Mot. 4:2-9, ECF No. 27. Plaintiff did not file a reply.

## II. DISCUSSION

### A. Legal Standard

Civil actions may be removed from state court if the federal court has original jurisdiction. See Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 33 (2002). Original jurisdiction exists in cases that create a federal question or those in which the parties have diversity of citizenship. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction exists in all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. There must be complete diversity of citizenship, meaning "each of the plaintiffs must be a citizen of a different state than each of the defendants." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). Federal question jurisdiction exists in "all civil actions arising under the Constitution, laws, or treaties of

the United States." 28 U.S.C. § 1331.

The "burden of establishing jurisdiction falls on the party invoking the removal statute . . . which is strictly construed against removal." Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1371 (9th Cir. 1987)(citing Hunter v. United Van Lines, 746 F.2d 635, 639 (9th Cir. 1984)). Courts resolve all ambiguities "in favor of remand to state court." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009). A removed case must be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

Section 1446(b) governs the timing of removal. If the case stated by the initial pleading is "removable on its face," then a defendant has thirty days from receipt of the pleading to remove the case. Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 885 (9th Cir. 2010)(quoting Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005)). If, however, no basis for removal is apparent in that pleading, the requisite thirty-day removal period does not begin until the defendant receives "a copy of an amended pleading, motion, order or other paper" from which removability may first be ascertained. 28 U.S.C. § 1446(b).

**B. Analysis**

1. Timeliness

Plaintiff contends that removal was untimely.

Pl.'s Mot. to Remand ("Mot.") 7:20-23, ECF No. 8. Defendants' Notice of Removal states that Defendants received notice of the state court action on October 17, 2017 (thirty days prior to filing). Notice of Removal 2:8. However, Defendants' Opposition, which was filed by Defendants' new attorneys, states that Defendants received notice of the state court action on November 1, 2017 (fifteen days prior to filing). Defs.' Opp'n to Pl.'s Mot. to Remand ("Opp'n") 3:21-22, ECF No. 21. The discrepancy is unimportant because either date would be timely. See Carvalho, 629 F.3d at 885. Defendants did not include a proof of service in their Notice of Removal, but they provided a declaration from David Maoz, Defendants' former attorney, stating that Defendants were served on October 17, 2017. Decl. of David S. Maoz in Supp. of Notice of Removal ("Maoz Decl.") ¶ 2, ECF No. 1-2. Plaintiff has not provided any evidence to challenge timeliness, and thus, removal is timely.

    2.   <u>Complete Diversity of Citizenship</u>

"[A] corporation shall be deemed a citizen of any State by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). It is not disputed that Plaintiff is a citizen of California. Further, Plaintiff does not contest that CVS Pharmacy is incorporated in Rhode Island, thus making it a citizen of Rhode Island, and CVS Health Corporation is

6

incorporated in Delaware, thus making it a citizen of Delaware. The question that remains is where Defendants' principal places of business are located. Plaintiff contends that Defendants did not meet their burden to establish that their principal places of business are not in California because they did not address the "substantial predominance test." Mot. 9:23-25. Plaintiff asserts that, under this test, Defendants' principal places of business are in California, making Defendants citizens of California and thus destroying diversity. Id. at 9:25-10:6.

The Supreme Court has held that the appropriate test to use in assessing a company's principal place of business is the "nerve center" test, which looks to "the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination." Hertz Corp. v. Friend, 559 U.S. 77, 93 (2010). In so ruling, Hertz overturned cases finding that determining a company's principal place of business requires an investigation into "total activities" or "substantial predominance" of operations. Id. Thus, Plaintiff incorrectly states that Defendants should have addressed the "substantial predominance" test in asserting that they are not citizens of California.

Under the "nerve center" test, Defendants' principle places of business are in Rhode Island. Here, both Defendants' "corporate officers and senior

executives" who exert control are located at the corporate headquarters in Woonsocket, Rhode Island. Luker Decl. ¶¶ 5, 9. Therefore, Rhode Island is where nearly all corporate decisions are made, "including operational, executive, administrative, and policymaking decisions." Id. ¶ 5. Further, Woonsocket appears to be the "actual center of direction, control, and coordination" rather than "simply an office where the corporation holds its board meetings," because the primary officers are actually located in Rhode Island. See Hertz, 559 U.S. at 93. Therefore, Defendants are citizens of Rhode Island.

Plaintiff also contends that the Declaration—offered to support Defendants' claim that neither CVS Health Corporation nor CVS Pharmacy is a citizen of California—is insufficient because the Declaration comes from an assistant secretary, Melanie K. Luker, rather than a corporate officer. Mot. 8:6-11. However, Ms. Luker swore in her Declaration that she possesses either personal knowledge of the facts or "knowledge based upon review of corporate records," and she stated that she could testify to the facts if called as a witness. Luker Decl. ¶ 1; see Ruano v. Sears Roebuck & Co., No. CV156060PSGFFMX, 2015 WL 6758130, at *4 (C.D. Cal. Nov. 5, 2015)("A declaration from a person with knowledge of the relevant data is clearly an appropriate form of evidence. . . ." (citation omitted)). Thus, the evidence supporting the

Defendants' assertion of diversity is adequate.

Defendants have established that CVS Pharmacy is a citizen of Rhode Island and that CVS Health Corporation is a citizen of Rhode Island and Delaware. Since neither Defendant is a citizen of California, complete diversity of citizenship is established.

### 3. Amount in Controversy

Because Plaintiff's Complaint did not request a specific amount in damages, Plaintiff asserts that Defendants' Notice of Removal needed to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. Mot. 10:16-19. Plaintiff further contends that Defendants failed to do so, and therefore, diversity jurisdiction cannot exist. Id. at 10:24, 10:27-28.

A removing defendant must file "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Where a complaint does not demand a specific sum, "the notice of removal may assert the amount in controversy." 28 U.S.C. § 1446(c)(2). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." Dart Cherokee Basin Operating Co. v. Owens, 135 S. Ct. 547, 554 (2014). Where the plaintiff contests the amount

alleged in the notice of removal, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." Id.

Here, Plaintiff does not contest that the amount in controversy exceeds $75,000; rather, she only contests whether Defendants established this by a preponderance of the evidence. Mot. 10:27-11:4. Since Plaintiff has never actually alleged that the amount in controversy is less than $75,000, Defendants need only provide a "plausible allegation" to establish that removal is proper, even in light of the Plaintiff's challenge to the removal. In both the Notice of Removal and Opposition to Plaintiff's Motion, Defendants establish that lost wages alone would exceed $75,000 and further lay out case law showing that the other damages Plaintiff seeks are likely to add, *at minimum*, tens of thousands of dollars to that figure. Notice of Removal 8:4-11:10; Opp'n 12:1-15:23. Plaintiff does not challenge Defendants' calculation of lost wages; nor does she offer case law challenging Defendants' assessment of the likely minimum awards for punitive damages, attorneys' fees, and emotional distress damages. Thus, Defendants have made a "plausible allegation" that the amount in controversy exceeds $75,000.

Since complete diversity of citizenship has been established and the amount in controversy exceeds

$75,000, this Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332.

## II. CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**

DATED: February 16, 2018

s/ RONALD S.W. LEW
**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge